```
        IN THE UNITED STATES DISTRICT COURT
           WESTERN DISTRICT OF ARKANSAS
               FAYETTEVILLE DIVISION
```

**MICHAEL SHANE WILMOTH**                                          PLAINTIFF

        v.                    Civil No. 10-5094

**RAY HOBBS, Interim Director,**
**Arkansas Department of Corrections**                             DEFENDANT

### O R D E R

NOW on this 21st day of December 2010, comes on for consideration the **Magistrate Judge's Report and Recommendation (Doc. 29)**, and Plaintiff's objection thereto (Doc. 30). Also before the Court is Plaintiff's **Motion for Injunctive Relief (Doc. 31)**[1], and Defendant's Response thereto (Doc. 32). The Court, being well and sufficiently advised, finds and orders as follows:

1.  On June 19, 2008, Michael Shane Wilmoth was found guilty by a jury of delivery of a controlled substance (marijuana). He was sentenced as a habitual offender by the Circuit Court of Benton County, and a Judgment and Commitment was entered on June 20, 2008.

2.  On May 27, 2009, the Arkansas Court of Appeals affirmed Wilmoth's conviction and the Court of Appeals' mandate was issued on June 16, 2009. Wilmoth's appellate counsel advised him that he could file a petition for postconviction relief under Rule 37 of the Arkansas Rules of Criminal Procedure, and that such petition

---

[1] Plaintiff has another lawsuit pending before the undersigned, *Wilmoth v. Ferguson*, Case No. 10-5048, in which he makes several allegations related to his incarceration. Plaintiff filed the same Motion for Injunctive Relief in *Wilmoth v. Ferguson*.

must be filed within sixty (60) days of the mandate.  *See* Ark. R. Cr. P. 37.

    3.   On August 20, 2009, sixty-five days after the mandate had been issued, Wilmoth filed his Rule 37 petition for postconviction relief.

    4.   The Benton County Circuit Court denied Wilmoth's Rule 37 petition on the merits.  Wilmoth appealed the Circuit Court's order, but the Arkansas Supreme Court found that Wilmoth's Rule 37 petition was untimely because it was not filed within sixty (60) days of the mandate being issued.  *See Wilmoth v. State*, 2010 Ark. 315 (2010).  Therefore, the Supreme Court held that it lacked jurisdiction to reach the merits of the petition and dismissed the appeal.

    5.   On May 27, 2010, Wilmoth filed a petition with this Court under 28 U.S.C. § 2254 alleging numerous grounds for relief.  The Magistrate Judge found that federal habeas review is barred because Wilmoth failed to timely file his Rule 37 petition, which constitutes a procedural default.  *See Moore-EL v. Luebbers*, 446 F.3d 890, 896 (8th Cir. 2006).

    6.   Wilmoth has objected to the Report and Recommendations on two grounds:

    (a)  First, Wilmoth asserts that he has been denied "full access" to law books, legal materials and other legal supplies.  As the Magistrate Judge noted, denial of access to a law library does not constitute cause to excuse an untimely filing.  *See Williams*

*v. Norris*, 80 Fed. Appx. 535, 536 (8th Cir. 2003). Further, Wilmoth does not allege that he was denied access to the law library between June 16, 2009, when the mandate was issued, and August 20, 2009, when he mailed his petition. Thus, lack of access to the law library was not the reason for his untimely filing.

(b) Second, Wilmoth asserts that he signed his Rule 37 petition on August 16, 2009, and placed it in the prison mail system on the same day, which was on or before the sixtieth day after the mandate was issued. While Wilmoth may have placed his petition in the mail on August 16, 2009, Rule 37 required that it be "filed" by that date.[23] Thus, Wilmoth's petition was untimely.

7. A defendant may overcome procedural default with new evidence of actual innocence. *See Sawyer v. Whitley*, 505 U.S. 333, 339 (1992). Wilmoth has not come forward with any new evidence of his actual innocence.

Therefore, the Court finds that Wilmoth's habeas petition should be, and it will be, dismissed herein.

8. Wilmoth also seeks injunctive relief in the form of an order directing (1) that he have full access to the prison law

---

[2] The Arkansas Supreme Court has not adopted the "prison mailbox rule," which provides that a *pro se* inmate files his petition at the time the petition is given to the prison officials for mailing. Rather, at item tendered to the court for filing is considered "filed" on the date it is received by the clerk, "not on the date it may have been placed in the mail. *See Ester v. State of Arkansas*, 2009 Ark. 442 (2009).

library, (2) that he be transferred to a separate unit within the Arkansas Department of Corrections, and (3) that an investigation of the retaliation complained of in his motion be conducted. Because the Court is dismissing his habeas petition, injunctive relief is not appropriate.

Nevertheless, the Court notes that Wilmoth has failed to demonstrate that he is in danger of suffering an irreparable injury or loss. *See Dataphase Systems, Inc. v. C.L. Systems, Inc.*, 640 F.2d 109. 113 (8th Cir. 1981) (enumerating the four factors to be considered in determining whether to grant injunctive relief: (1) whether there is a substantial probability movant will succeed at trial; (2) whether the moving party will suffer irreparable injury absent the injunction; (3) the harm to other interested parties if the relief is granted; and (4) the effect on the public interest). Therefore, injunctive relief would not be warranted.

**IT IS THEREFORE ORDERED** that **Plaintiff's objection** to the Magistrate Judge's Report and Recommendation (Doc. 30) is hereby **overruled**;

**IT IS FURTHER ORDERED** that the **Magistrate Judge's Report and Recommendation** (Doc. 29) is hereby **adopted in** *toto*;

**IT IS FURTHER ORDERED** and Plaintiff's petition is hereby **dismissed with prejudice.**

**IT IS SO ORDERED.**

<u>/s/ Jimm Larry Hendren</u>
**HON. JIMM LARRY HENDREN**
**UNITED STATES DISTRICT JUDGE**
